Judge Hitchcock
delivered the opinion of the court:
If the instructions given by the court to the jury were correct, there can be no pretense that the verdict in this case was against the evidence; on the contrary, it was in perfect conformity with that evidence. It is only necessary, therefore, to consider whether the court was mistaken as to the law of the case.
In order to maintain an action of trespass, quare clausum fregit, it is well settled that the plaintiff must bo in the actual or constructive possession of the premises upon which the trespass is committed at the time of the trespass. “Only the person who has the possession in fact of the real property to which an injury has been done, can maintain an action, quare clausum fregit; a general property not being, in the case of real property as it is in personal, sufficient to found this action upon.” The disseizee of land can not maintain an action of this nature for an injury done thereunto betwixt the time of the disseizin and his re-entry, for he does not, until his re-entry be made, regain the entry in fact of the land.” 6 Bac. Abr. 566; see also Bro. Trust. PI. 38, 305, 346; 2 Roll. Abr. 553; 2 Johns. Oas. 27; 12 Johns. 183. But it is not necessary that he should be in possession at the time of the commencement of the action. The trespass complained of may have been one by which he was actually disseized, and for that he may sue, although for any act done afterward he can not, until ho *39 regains the possession. It would seem, however, that if the trespass be continued, and the disseizee first re-enter, he may lay his action with a continuando, and ^recover damage for the mesne profits, as well as for the first trespass. 2 Johns. Cas. 27. Or after a recovery in ejectment he may have his action for the mesne profits.
Proof of title, without proof of actual possession, is in general sufficient to put a defendant upon his defense, because the lega title draws after it the possession, as where lands are vacant the owner has in contemplation of law such possession that he may maintain trespass for an injury done to them. But if there be evidence of adverse possession, or of the possession of a tenant at will or for years, at the time of the trespass committed, the plaintiff must fail in his action. In the latter case, if the injury be such as to be prejudicial to the reversion, the lessor may have his remedy by an action on the case; but for the trespass merely the tenant alone can have an action. 6 Bac. Abr. 566, 567.
The cases quoted by the plaintiff’s counsel are mostly actions of ejectment, and are not analogous to the present case. We are aware that in the State of New York, and in some of the other states of the Union, it is a settled law that a defendant in ejectment can not protect himself under their statutes of limitation, unless he is in possession under color of title. In truth, such is, in substance, the provision of some of those statutes; but under our statute we hold the rule to be different.
In the case under consideration, the plaintiff was in possession of the premises until April or May, 1826, at which time the defendant committed a trespass, and disseized him of the lands* From that period until after the commencement of this suit the defendant remained in possession. For this injury the plaintiff had a right of action. It accrued in April or May, 1826. But for any subsequent act of the defendant he could not have an action in this form, because not in possession. By the act of February 25, 1824, for the limitation of actions, 22 Ohio L. 325, the law in force at the time this cause of action accrued, it is provided that actions of trespass upon property, real or personal, shall be brought within four years after the cause of action accrued, “ and not after.” This action was not commenced until October, 1832, more than six years after the cause of action ac* *40 crued, and was, therefore, in the opinion of the court, barred by the statute of limitation.
The motion for a new trial is overruled, and the defendant may take judgment upon the verdict