[Cite as *Lloyd v. Burlington Coat Factory Warehouse Corp.*, 2019-Ohio-4883.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MARVA M. LLOYD | | C.A. No. 28908 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BURLINGTON COAT FACTORY WAREHOUSE CORP. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2014-03-1576 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2019

HENSAL, Judge.

{¶1} Marva Lloyd appeals a judgment of the Summit County Court of Common Pleas that granted a directed verdict to Burlington Coat Factory Warehouse Corp. For the following reasons, this Court affirms.

I.

{¶2} Ms. Lloyd purchased a bed comforter from Burlington in 2012. According to Ms. Lloyd, when she began using the comforter, she and her daughter broke out in hives. After ruling out other potential causes, Ms. Lloyd discovered that the comforter was infested with bedbugs. She returned the comforter to Burlington, but the bugs had already spread through her home, causing thousands of bites to her daughter and herself over the subsequent months.

{¶3} Ms. Lloyd filed a complaint against Burlington in 2014, alleging that Burlington violated the Consumer Sales Practices Act, failed to warn her about the bedbugs, and was negligent. The case was eventually set for trial in November 2017. Following a pre-trial ruling

by the trial court, Ms. Lloyd opined that the court did not have jurisdiction over her claims and declined to make an opening statement. The court subsequently granted a directed verdict to Burlington. Ms. Lloyd has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

COUNSEL'S FRIVOLOUS CONDUCT IN DISPUTING THE PURCHASE FOR OVER 2 YEARS WAS PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE.

{¶4} Ms. Lloyd argues that the trial court incorrectly found that Burlington's counsel did not engage in frivolous conduct under Revised Code Section 2323.51. That section provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). The definition of frivolous conduct includes conduct that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including * * * causing unnecessary delay * * *" or "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(i), (ii). "[A]nalysis of a claim under [R.C. 2323.51(A)(2)] boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." (Alterations sic.) *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. Wayne No. 10CA0035, 2011-Ohio-2990, ¶ 32, quoting *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992).

{¶5} This Court's standard of review depends on the part of the analysis at issue. A trial court's factual findings will not be overturned if they are supported by competent, credible evidence. *S & S Computer Sys., Inc. v. Peng*, 9th Dist. Summit No. 20889, 2002-Ohio-2905, ¶ 9. We review questions of law, such as whether a claim is warranted under existing law, de novo. *Jefferson v. Creveling*, 9th Dist. Summit No. 24206, 2009-Ohio-1214, ¶ 16; *City of Lorain v. Elbert*, 9th Dist. Lorain No. 97CA006747, 1998 WL 195724, *2-3 (Apr. 22, 1998). Finally, we review the decision whether to impose sanctions for improper conduct under an abuse of discretion standard. *Gilcrest* at ¶ 29. An abuse of discretion occurs if the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} According to Ms. Lloyd, Burlington's counsel disputed for years whether she had made a purchase at the store even though the store had issued her a refund. She asserts that, under Burlington's refund policy, it will not issue a refund unless a customer is able to verify that they made a purchase. Ms. Lloyd argues that she had to spend time and resources proving a fact that was already known to Burlington and that counsel's denials constituted frivolous conduct. She also argues that, pursuant to Civil Rule 11, the trial court should have held a hearing on the issue of sanctions. Burlington argues that it was Ms. Lloyd's burden to prove all of elements of her claims so the fact that it disputed her purchase did not, in itself, constitute frivolous conduct. It also argues that it stipulated to the date of the sale at trial and that Ms. Lloyd never sought sanctions under Section 2323.51 in the trial court.

{¶7} We note that Ms. Lloyd's allegation that Burlington denied that she bought a comforter from it was only one component of the motion for sanctions that she filed in the trial court. She also alleged that, even after Burlington acknowledged the purchase, it claimed the

purchase occurred on a different date. Ms. Lloyd further alleged that Burlington also produced a purported receipt of the transaction that had an entirely different date from the actual date of the purchase or the date Burlington had claimed. Ms. Lloyd argued that those facts established that Burlington knowingly falsified and spoiled evidence pertaining to her claims.

{¶8} Although a court must hold a hearing before granting a motion for sanctions, Section 2323.51 and Rule 11 do not require the court to hold a hearing before denying such motions. *Giusti v. Felten*, 9th Dist. Summit Nos. 26611, 26695, 2014-Ohio-3115, ¶ 28. We note, however, that the court did address Ms. Lloyd's motion on the record during a pre-trial hearing. The discussion of Ms. Lloyd's motion for sanctions focused on her claim that Burlington fabricated evidence regarding the date of the purchase. The trial court opined that the exact purchase date was immaterial to her claim that the comforter contained bedbugs. Burlington offered to stipulate to Ms. Lloyd's claimed purchase date if it would help with the trial. Ms. Lloyd continued to argue that any stipulation would overlook the fact that Burlington erased the original records of her purchase and then fabricated evidence. The trial court then noted that Ms. Lloyd did not have a claim for falsification, but only for the bedbug infestation. Thus, the case would only go forward on that allegation. It subsequently denied her motion for sanctions.

{¶9} Upon review of the record, we conclude that, even if Burlington's initial denial of Ms. Lloyd's purchase constituted frivolous conduct, we cannot say that the trial court's decision not to award sanctions to Ms. Lloyd was unreasonable, arbitrary, or unconscionable. Ms. Lloyd's first assignment of error is overruled.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO RESOLVE DISCOVERY
CONFLICTS WHICH RESULTED IN PREJUDICIAL ERROR AND WAS AN
ABUSE OF DISCRETION.

{¶10}  Ms. Lloyd next argues that the trial court should have resolved the conflicts that arose between the parties before trial regarding which evidence was authentic and which was fraudulent.  She also argues that the court should have held a hearing on Burlington's discovery rule violations.  According to Ms. Lloyd, if the court had held a hearing regarding the conflicts in evidence, she would have had the opportunity to present relevant and credible evidence on those issues.

{¶11}  We note that, on the day of trial, Ms. Lloyd announced that she had determined that the trial court did not have jurisdiction over her claims.  She, therefore, declined to prosecute them, resulting in a directed verdict for Burlington.  We conclude that, since the case did not end up being tried on its merits, any error by the trial court in failing to resolve conflicts in the evidence or hold a hearing for that purpose before the trial commenced was harmless.  Civ.R. 61. Ms. Lloyd's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

COUNSEL'S VIOLATION OF PROFESSIONAL CONDUCT RULE 8.4(C)
WAS PREJUDICIAL TO THE FAIR ADMINISTRATION OF JUSTICE.

{¶12}  Ms. Lloyd next argues that the trial court should have entered a judgment in her favor in light of Burlington's counsel's violations of Professional Conduct Rule 8.4(c).  That rule provides that "[i]t is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, *fraud*, deceit, or misrepresentation[.]"  Ms. Lloyd also argues that Burlington's counsel did not act in good faith, leading him to sign off on unsupported allegations in violation

of Civil Rule 11. She argues that, in light of the egregiousness of the violations, the court should have ordered judgment in her favor. She asks this Court to reverse the trial court's judgment under Rule 59(A) or 60(B). She also quotes from Justice Fischer's concurring opinion in *Elliot-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, which concerns the imposition of sanctions under Rule 37. *Id*. at ¶ 20 (Fischer, J., concurring).

{¶13} According to the preamble of the Rules of Professional Conduct, the rules "are not designed to be a basis for civil liability" and just because "a rule is a just basis * * * for sanctioning a lawyer * * * does not imply that an antagonist in a collateral proceeding * * * has standing to seek enforcement of the rule." We, therefore, conclude that, even if Burlington's counsel violated Rule 8.4, the trial court was not authorized to enter judgment for Ms. Lloyd. Regarding Rule 59(A) and Rule 60(B), we note that Ms. Lloyd did not file motions under either of those rules in the trial court. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, N.A. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

{¶14} Regarding Ms. Lloyd's arguments under Rule 11 and 37, consistent with our review of Ms. Lloyd's first assignment of error, we conclude that, upon review of the entire record, the trial court did not exercise improper discretion when it declined to impose sanctions on Burlington for its alleged violations of those rules. *See Rosen v. Lax*, 9th Dist. Summit No. 27367, 2016-Ohio-182, ¶ 28; *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 51 (9th Dist.) (explaining that a trial court has discretion whether to award sanctions under Rule 37). Ms. Lloyd's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DENYING LLOYD['S] MOTION TO AMEND HER COMPLAINT[;] THE COMPLAINT WAS NEVER AMENDED.

**{¶15}** Ms. Lloyd also argues that the trial court should have allowed her to amend her complaint to conform to the evidence that was uncovered during discovery. She argues that the error was plain. Upon review of the record, however, it does not appear that Ms. Lloyd ever moved to amend her complaint. We, therefore, cannot say that the trial court incorrectly refused to allow Ms. Lloyd to amend her complaint, let alone that the error was plain. Ms. Lloyd's fourth assignment of error is overruled.

## III.

**{¶16}** Ms. Lloyd's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

------

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MARVA M. LLOYD, pro se, Appellant.

HOLLY MARIE WILSON, JULIAN T. EMERSON, and AAREN R. HOST, Attorneys at Law, for Appellee.