[Cite as *Kinder v. Smith*, 2013-Ohio-2157.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| DEBBIE A. KINDER, | : | CASE NO. CA2012-05-046 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>5/28/2013 |
| - vs - | : | |
| | : | |
| CARLTON L. SMITH, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 09CV75384

Eckert Law Office, Roger C. Eckert, 15 East Mill Street, Springboro, Ohio 45066, for plaintiff-appellant

Law Office of John D. Smith, John D. Smith and Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for defendants-appellees

**S. POWELL, J.**

{¶ 1} A consumer, who prevailed on her claims that a repair shop violated the Consumer Sales Practices Act (CSPA), challenges a trial court's decision awarding her attorney fees in an amount substantially less than the amount requested. We do not find the trial court abused its discretion when it limited the attorney fees award to work performed to prove the consumer law violations and to contest a counterclaim.

{¶ 2} The consumer, Debbie Kinder, filed a complaint in 2009 in Warren County

Common Pleas Court against appellee, Carlton L. Smith and his business, Body Werkes, in connection with a months-long dispute over the installation of a used engine for Kinder's vehicle. We note that judgment was taken against Smith in his individual capacity, as it was deemed that he "personally committed" the CSPA violations. However, we will refer to Smith as Body Werkes, to easily differentiate between the named parties.

{¶ 3} Kinder's complaint alleged numerous violations related to CSPA, as well as claims for fraud, conversion, breach of contract, coercion, and negligence. Body Werkes filed a counterclaim for breach of contract. The litigation of this case included cross motions for summary judgment, wherein it was found as a matter of law that Body Werkes acted in a manner resulting in four violations under the CSPA.

{¶ 4} A trial before a magistrate resulted in a finding that Body Werkes violated an additional CSPA provision. The rest of the claims were either dismissed or found not well taken by the court, which noted that Kinder failed to present evidence on some of the claims at trial.

{¶ 5} The trial court awarded Kinder $1,000, or statutory damages of $200 each for the five CSPA violations under R.C. 1345.09(B). That total was reduced by $733, which is the amount the trial court found Body Werkes was "legitimately owed for parts and labor." The trial court also ruled that Kinder was entitled to reasonable attorney fees because Body Werkes knowingly committed the five CSPA violations. A separate hearing on fees was scheduled before the trial court.

{¶ 6} During the hearing, Kinder's expert witness opined that $29,680 would be a reasonable amount for the fees. The trial court subsequently awarded $3,500 in attorney fees. Kinder now appeals, raising the following as her single assignment of error for our review:

{¶ 7} THE TRIAL COURT ERRED BY AWARDING, UNDER O.R.C. 1345.09(F),

- 2 -

ONLY 10.6% OF THE REASONABLE ATTORNEY FEES EARNED BY PLAINTIFF'S COUNSEL.

{¶ 8} Kinder challenges the trial court's decision, arguing the court was not involved in all aspects of the case to understand the effort required, placed too much emphasis on the "necessity" of the work performed, ignored the expert testimony, and erroneously focused on the small recovery from the CSPA claims.

{¶ 9} R.C. 1345.09(F) states, in pertinent part, that a court may award to the prevailing party a reasonable attorney fee limited to the work reasonably performed if the supplier has knowingly committed an act or practice that violates this chapter. Under R.C. 1345.01(C), "supplier" includes a person engaged in the business of effecting or soliciting consumer transactions.

{¶ 10} The party requesting an attorney fee award under the CSPA must first be the prevailing party, and in order for a prevailing party to exist, there must be an adjudication on the merits of the claim. *Mike Castrucci Ford Sales, Inc. v. Hoover*, 12th Dist. No. CA2009-03-016, 2009-Ohio-4823, ¶ 12, appeal not allowed, 124 Ohio St.3d 1445, 2010-Ohio-188.

{¶ 11} In discussing the importance of permitting attorney fees in consumer sales practices cases, the Ohio Supreme Court explained that private attorneys may be unwilling to accept consumer protection cases if the dollar amount they are permitted to bill their adversary is limited by the dollar amount of the recovery, especially since monetary damages in many instances under the Act are limited to $200. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 144 (1991). A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious claims and relatively small potential damages to obtain redress from the courts. *Id.*

{¶ 12} When awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case,

multiplied by a reasonable hourly rate. *Bittner* at 145.

{¶ 13} During the initial calculation, the trial court should exclude any hours that were unreasonably expended. *Hoover* at ¶ 14; *Lewis v. DR Sawmill Sales, Inc.*, 10th Dist. No. 04AP-1096, 2006-Ohio-1297, ¶ 24 (fee award must be reasonable in the light of the complexity and extent of the litigation undertaken).

{¶ 14} A trial court may modify that initial calculation by the application of the factors listed in DR 2-106(B), which language was adopted by and now contained in Prof.Cond.R. 1.5. *See Bittner*, 58 Ohio St.3d at 145-46.

{¶ 15} The professional conduct factors relating to fees include: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. *See Bittner*; Prof.Cond.R. 1.5.

{¶ 16} Where a court is empowered to award attorney fees by statute, the amount of these fees is within the sound discretion of the trial court. *Bittner at* 145-46. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation. *Id.* Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. *Id.* at 146; *Hoover*, 2009-Ohio-4823 at ¶ 11.

{¶ 17} In the case at bar, an attorney was hired as Kinder's expert to review the records of Kinder's attorney. The witness found that 18.8 of the claimed hours were "over and above" what was reasonable. After subtracting that amount, he opined that $29,680 in attorney fees was reasonable. That amount was roughly $3,000 less than Kinder requested.

- 4 -

Both figures were reached by multiplying the number of work hours by $175. The parties did not dispute -- and the trial court accepted -- the hourly rate of $175.

{¶ 18} The expert acknowledged his calculations included work performed on most, if not all of the original claims set forth by Kinder, because there was "a lot of litigation in this case" and the work on the non-CSPA claims were so "intertwined" with the CSPA claims.

{¶ 19} This court previously said that, where claims presented a common core of facts and related legal theories, and where those different theories of recovery are not severable, it is permissible for the trial court to treat the total number of hours expended on all claims as reasonably expended hours. *See Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313, ¶ 29.

{¶ 20} However, where the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded. *See Bittner*, 58 Ohio St.3d at 145.

{¶ 21} The trial court in the case at bar determined the other claims were severable from the CSPA claims. Specifically, the trial court noted that, "[i]n the end, of all of Plaintiff's claims, only five of the CSPA claims are recoverable[.] Four of the CSPA claims were disposed of by summary judgment. Only one violation was awarded after the trial." The court noted, however, that the evidence presented at the attorney fees hearing was not specific about how much time was spent litigating any particular cause of action.

{¶ 22} As a result, the trial court stated that it took into account the nature of the CSPA claims and the fact Kinder had to defend a counterclaim, to find that 20 hours multiplied by the $175 hourly rate was appropriate. Specifically, the trial court found the CSPA claims did not present novel legal issues, did not require specialized professional skills to litigate, did not prevent counsel from accepting other cases, and did not encumber counsel with burdensome

time limitations. *See* Prof.Cond.R. 1.5.

**{¶ 23}** We have thoroughly considered Kinder's arguments. After reviewing the record, we find no abuse of discretion. *Moore*, 2004-Ohio-4313 at ¶ 26.

**{¶ 24}** The record shows the trial court reviewed the expert witness testimony, and made its final decision based on the individual nature of this case and the criteria discussed in *Bittner*. In applying an abuse of discretion standard, we may not substitute our judgment for that of the trial court. *See Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Kinder's single assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

RINGLAND, P.J. and M. POWELL, J., concur.