[Cite as *Flint v. Flint*, 2016-Ohio-5279.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

CONSTANCE M. FLINT

    Appellant

    v.

JOSEPH D. FLINT

    Appellee

C.A. No.    15CA010895

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14DR078121

DECISION AND JOURNAL ENTRY

Dated: August 8, 2016

HENSAL, Judge.

{¶1} Constance Flint appeals a journal entry of the Lorain County Court of Common Pleas, Domestic Relations Division, that ordered her to pay $1,781.25 in attorney fees. For the following reasons, this Court reverses.

I.

{¶2} In March 2014, Ms. Flint filed a petition for divorce against her husband Joseph Flint. In her complaint, Wife included a claim against Husband's girlfriend, alleging that the girlfriend had harassed and tormented her in person and over the telephone.

{¶3} Husband's girlfriend moved to dismiss any claims against her, alleging that she could not be joined as a defendant in a divorce action. She also moved for attorney fees under Revised Code Section 2323.51 and Civil Rule 11, arguing that the allegations against her were frivolous. Wife opposed the motions, arguing that the girlfriend could be joined as a party under Civil Rule 20. She also argued that, because joinder was proper, her action was not frivolous.

{¶4} Wife subsequently amended her complaint to include a request that Husband's girlfriend be temporarily and permanently enjoined from harassing or demeaning her. The girlfriend subsequently filed a reply to her motion to dismiss, arguing that Wife's argument that she can be joined under Rule 20 was "spurious" and "ridiculous." The trial court granted the motion to dismiss. After the divorce was resolved, the court granted the girlfriend's motion for attorney's fees. Examining the girlfriend's argument that Wife's "seeking joinder * * * constituted a frivolous filing pursuant to R.C. 2323.51[,]" it concluded that Wife's claim against the girlfriend was a "frivolous filing for which no legal authority existed to attempt to join [Husband's girlfriend] * * *." Wife has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FOUND THAT JOINING [HUSBAND'S GIRLFRIEND] IN A DIVORCE ACTION TO OBTAIN A RESTRAINING ORDER AGAINST HER WAS FRIVOLOUS CONDUCT.

{¶5} Wife argues that the trial court incorrectly concluded that Civil Rule 75 prohibited her from joining Husband's girlfriend as a party in a divorce proceeding. She argues that Rule 75 allows parties to be joined under Civil Rule 20. She also argues that, because her argument is at least "ostensibly valid[,]" it cannot be said that her allegations against the girlfriend were frivolous under Section 2323.51.

{¶6} Section 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." In her motion, Husband's girlfriend argued that Wife's complaint qualified as frivolous conduct under Sections 2323.51(A)(2)(a)(i) and (ii). Those subsections provide that conduct is frivolous if it "obviously

serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose" or "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(i), (ii).

{¶7} "[A]nalysis of a claim under [R.C. 2323.51(A)(2)] boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. Wayne No. 10CA0035, 2011-Ohio-2990, ¶ 32, quoting *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992). This Court's standard of review on an appeal of an award of sanctions depends on the part of the analysis at issue. The trial court's factual findings will not be overturned if they are supported by competent, credible evidence. *S & S Computer Sys., Inc. v. Peng*, 9th Dist. Summit No. 20889, 2002-Ohio-2905, ¶ 9. We review questions of law, such as whether a claim is warranted under existing law, de novo. *Jefferson v. Creveling*, 9th Dist. Summit No. 24206, 2009-Ohio-1214, ¶ 16. Finally, we review the trial court's decision whether to impose sanctions for improper conduct under an abuse of discretion standard. *Gilcrest* at ¶ 29.

{¶8} Regarding Wife's argument that a third-party can be joined in a divorce proceeding under Civil Rule 20, Civil Rule 75(A) provides that, in general, the rules of civil procedure "shall apply in actions for divorce * * *." Rule 75(B) specifies, however, that Rules "14, 19, 19.1, and 24 shall not apply in a divorce[.]" Wife is correct that there is no language in Civil Rule 75 that explicitly provides that Rule 20 does not apply to divorce actions.

{¶9}    Civil Rule 20 provides in pertinent part that "[a]ll persons may be joined in one action as defendants if there is asserted against them * * * any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." In her amended complaint, Wife alleged that Husband and his girlfriend "harass and torment [Wife] telephonically and in person * * *."  She then listed several examples of the harassment she had allegedly endured by one or both of them.

{¶10}  It is not necessary for us to resolve whether a third-party can, in fact, be joined to a divorce action under Civil Rule 20.  Upon review of the record, we conclude that, because Wife alleged that some of the harassment she endured was done jointly by Husband and his girlfriend, Wife presented, at the very least, a good faith argument that she should be permitted to join Husband's girlfriend pursuant to Rule 20.  Accordingly, the trial court incorrectly ordered Wife to pay the girlfriend's attorney fees.  Wife's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT PURSUANT TO OHIO REV. CODE § 2323.51 WITHOUT HOLDING A HEARING.

{¶11} Wife's second assignment of error is that the trial court should have held a hearing before ruling on the motion for attorney fees.  In light of our resolution of Wife's first assignment of error, we conclude that Wife's argument is moot, and it is overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶12} The trial court incorrectly granted the motion for attorney fees. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

LESLIE GENTILE, Attorney at Law, for Appellee.