[Cite as *In re Guardianship of Bakhtiar*, 2018-Ohio-1764.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| IN RE: GUARDIANSHIP OF FOUROUGH BAHKTIAR | C.A. Nos.     16CA011036 <br> 16CA011038 |
| | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.     2013GI00040 |

DECISION AND JOURNAL ENTRY

Dated: May 7, 2018

---

SCHAFER, Presiding Judge.

**{¶1}** Appellant Dariush Saghafi appeals the judgment of the Lorain County Court of Common Pleas, Probate Division. For the reasons that follow, this Court affirms in part, reverses in part, and remands.

I.

**{¶1}** This matter arises from a guardianship with a long and arduous history. This Court summarized some of the previous history of this case in an earlier appeal as follows:

> Mehdi Saghafi and Fourough Bakhtiar are both in their eighties and had been married for over 55 years when Mehdi filed an application for appointment as guardian of his wife's person based on allegations of her incompetence. On the same day, Dariush Saghafi, one of the couple's sons, filed an application for appointment as guardian of Fourough's estate. Another son, Kourosh Saghafi, D.O., executed the statement of expert evaluation appended to both applications. A month later, Fourough filed a complaint for divorce from Mehdi in the Cuyahoga County Domestic Relations Court. A couple days after that, the couple's only daughter, Jaleh Presutto, filed an application for appointment as guardian of her mother's person and estate. She appended a statement of expert evaluation conducted by a clinical neuropsychologist. Both experts who

evaluated Fourough concluded that she was suffering from dementia. The Lorain County Probate Court subsequently found Fourough incompetent to care for herself and her property and determined that a guardianship was necessary. The probate court appointed Jaleh as interim guardian of her mother's person and Stephen Sartschev as interim guardian of Fourough's estate. Two days later, the probate court issued a judgment entry noting that it had conducted a pretrial during which all parties agreed that a guardianship was necessary for Fourough and that the court had appointed interim guardians. The trial court further prohibited the parties from proceeding with a final divorce hearing at that time.

This guardianship matter proceeded in a highly contentious manner among Fourough's various family members. In addition, other lawsuits pending in Cuyahoga County, including the divorce proceedings between Mehdi and Fourough; a civil action by Kourosh seeking to have Fourough's earlier executed powers of attorney declared invalid; a civil action by Mehdi against Jaleh; and a civil action by third parties against Mehdi and Fourough's guardians surrounding their refusal to transfer their interest in certain real estate pursuant to a real estate contract, all intertwined and served to complicate these matters to a greater extent.

Subsequently, Kourosh filed an application for appointment as guardian of his mother's person and estate. In addition, Mehdi and his sons filed multiple motions to have Fourough evaluated by an independent forensic psychiatrist and independent physician notwithstanding the parties' stipulation of incompetency and agreement that Fourough needed a guardian and that the probate court had appointed interim guardians for the ward and her estate. Mehdi and his sons further repeatedly sought to remove and/or limit the authority of Jaleh as her mother's guardian. The probate court denied those requests. It continued to prohibit the parties from proceeding with a final divorce hearing.

More than a year after the first application for appointment of a guardian was filed, the parties and attorneys involved in this matter, as well as some of the other legal matters involving this family, exhibited ongoing contentious and accusatory behaviors. While Fourough had two interim guardians, she also had her own attorney (Stephen Wolf) who moved to replace the guardian for the estate (Mr. Sartschev) who allegedly was no longer permitted to hold a fiduciary position. Mr. Wolf applied to the probate court to be permitted to "step in and take over as guardian of the estate[.]" Other members of Fourough's family challenged Mr. Wolf's application, asserting that his involvement with this matter, as well as his representation of Jaleh's husband in a criminal matter, prevented him from being a disinterested guardian. Mr. Sartschev informed the probate court that he was required to resign as guardian of the estate, and the trial court accepted his resignation. The probate court further removed Jaleh as guardian of the person and appointed attorney Zachary Simonoff as interim guardian of both the person and estate of Fourough. Mr. Simonoff filed a formal application for appointment as guardian. The probate court issued letters of guardianship of the estate to Mr. Simonoff and denied all other pending applications for guardian of the estate.

The court further issued letters of guardianship to Mr. Simonoff as guardian of Fourough's person, pending final hearing on the matter. Again, the probate court ordered that neither the parties nor the guardian may proceed with a final divorce hearing relative to Mehdi and Fourough.

A year-and-a-half after the initiation of this guardianship case, the probate court held a final hearing and issued a final judgment disposing of the pending applications. It denied the applications for guardianship filed by Mehdi Saghafi, Dariush Saghafi, and Kourosh Saghafi. It issued letters of guardianship of the person of Fourough to Jaleh Presutto and letter of guardianship of the estate of Fourough to Zachary Simonoff. [In] addition, the probate court ordered Fourough's attorney, Stephen Wolf, to "file [a] brief with Court on issue of divorce of the Ward." The court granted a 21-day period for responses to Attorney Wolf's brief.

Fourough, through Attorney Wolf, moved for an order allowing Mehdi and Fourough to proceed with a final divorce hearing. The guardian of the estate filed a brief in support. Mehdi filed briefs in opposition to both. Upon consideration of the briefs, the probate court ordered that "the Guardian is to proceed in the Cuyahoga County Domestic Relations case through to final divorce."

*In re Guardianship of Fourough Bakhtiar*, 9th Dist. Lorain No. 15CA010721, 2016-Ohio-8199,

¶ 2-7 ("*Bakhtiar I*"). Mehdi and Fourough's divorce was finalized on October 3, 2014.

{¶2} This Court summarized subsequent proceedings as follows in a later appeal,

In late 2015, [Dariush] Saghafi filed [a second] application for appointment as guardian and motions to remove Jaleh Presutto as guardian of person and Zachary Simonoff as guardian of estate. On January 7, 2016, Mr. Saghafi filed praecipes for subpoenas to be issued to Fifth Third Bank, Huntington Bank, the Cleveland Clinic, Nordstrom, Century Federal Credit Union, Allianz, and Visa. By its entry of January 20, 2016, the trial court stayed the subpoenas and set a hearing for February 9, 2016, "to establish if there is a basis for the motions by Darius Saghafi to proceed and the relevance of subpoenaed information." Mr. Saghafi subsequently filed a motion for relief from judgment, asking the trial court to lift the stay on the subpoenas and to cancel the hearing. After the hearing went forward as scheduled, the trial court denied Mr. Saghafi's application to be appointed as guardian and his two motions to remove, quashed the aforementioned subpoenas, and denied the motion for relief from judgment as moot.

*In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA010932, 2017-Ohio-5835, ¶ 3

("*Bakhtiar II*"). On appeal, this court affirmed. *Id*. at ¶ 17.

{¶3} The procedural history relevant to the present appeal is as follows. On or about May 11, 2016, the Lorain County Grand Jury indicted Jaleh Presutto on several non-violent felony charges unrelated to the guardianship. Consequently, Bakhtiar was moved from her daughter's house to a nursing home. On May 16, 2016, the probate court filed a judgment entry temporarily removing Jaleh Presutto as guardian of the person and, ex parte and without prior notice, re-appointed Simonoff as guardian of the person. The court simultaneously issued letters of guardianship to Simonoff as guardian of the person for the ward, Fourough Bakhtiar. That same day, Saghafi filed a pro se motion to remove Simonoff as guardian of the estate and a third application for appointment of guardian of alleged incompetent person and estate.

{¶4} On May 18, 2016, Saghafi filed a pro se motion for temporary restraining order against Simonoff and Presutto, Presutto's husband, and Presutto's attorney in the Lorain County Court of Common Pleas, General Division. The matter was dismissed the following day for lack of jurisdiction. The Lorain County Court of Common Pleas, General Division denied Saghafi's subsequent Civ.R. 60(B) motion.

{¶5} On May 24, 2016, Saghafi filed a motion for temporary restraining order in the probate court. Successively, Simonoff filed a motion to strike Saghafi's motion to remove guardian and motion for temporary restraining order and for sanctions pursuant to R.C. 2323.51 or in the alternative to hold Saghafi in contempt.

{¶6} On June 3, 2016, Jaleh Presutto filed a motion to complete renovations or, in the alternative, to restore the home to its prior condition and an amended motion on June 22, 2016. In response, Saghafi filed a pro se brief in opposition to Presutto's amended motion.

{¶7} Thereafter, on June 15, 2016, Saghafi filed a motion to strike Simonoff's motions or in the alternative, to dismiss the motions, a motion for sanctions against Simonoff, a motion

for frivolous conduct against Simonoff, a motion to strike filings since May 16, 2016, and a request that the probate court proceed on his motions and application. Simonoff filed a response to Saghafi's motions on June 29, 2016.

{¶8} On June 23, 2016, Presutto filed an amended motion to complete renovations or, in the alternative, to restore the home to its prior condition. On July 5, 2016, Saghafi filed a brief in opposition to Presutto's amended motion. Presutto thereafter filed a motion to strike Saghafi's brief in opposition. Saghafi, through counsel, filed a brief in opposition to Presutto's motion to strike his brief in opposition to Presutto's amended motion to complete renovations or, in the alternative, to restore home to its prior condition and for sanctions.

{¶9} Also on July 5, 2016, Saghafi filed a pro se request for production of documents propounded upon Simonoff requesting an extensive list of documents relating to the guardianship. Simonoff did not respond to Saghafi's request.

{¶10} On August 5, 2016, the probate court held an oral hearing on all of the pending motions, with the exception of the motions related to the renovations of the Presutto home and Saghafi's application for appointment of guardian.

{¶11} On September 20, 2016, Saghafi filed a renewed request to obtain copies, inspect records and documents and a new request to obtain copies, inspect records and personal belongings. Saghafi also filed a subpoena duces tecum commanding a wireless company to produce all of the records relating to all forms of communication related to Simonoff. Thereafter, Simonoff filed a motion to stay discovery pending ruling on the motions subject to the August 5, 2016 hearing.

{¶12} In an order filed September 23, 2016, the probate court found that Saghafi's motion to remove Simonoff as guardian of the estate, requesting ex parte and emergency relief,

motion for temporary restraining order, and brief in opposition to amended motion to complete renovations or, in the alternative, to restore the home to its prior condition, all filed pro se, sought relief on behalf of Bakhtiar. The probate court further found that Saghafi is not a licensed attorney in the state of Ohio and that Attorney Wolf had at all times therein represented Bakhtiar and Attorneys Barrett and Reddy represented Bakhtiar in her divorce proceedings. Accordingly, the probate court determined that Saghafi had violated R.C. 4705.01 and struck his motions to remove Simonoff as guardian of the estate, requesting ex parte and emergency relief and motion for temporary restraining order, and brief in opposition to amended motion to complete renovations or, in the alternative, to restore the home to its prior condition. The probate court then denied Saghafi's motion to strike Simonoff's motion to strike Saghafi's motion to remove guardian and motion for temporary restraining order. The probate court additionally found that Saghafi's filings constituted frivolous conduct and awarded attorney fees to Bakhtiar and Presutto as well as the guardianship of Bakhtiar. The probate court did not address Saghafi's third application to appoint guardian in the September 23, 2016 order.

{¶13} Saghafi timely appealed the September 23, 2016 order, raising five assignments of error for our review.

{¶14} Then, on September 26, 2016, Simonoff filed a guardian's motion for clarification of pending matters after the September 23, 2016 decision. The next day, Simonoff filed a motion for protective order and to quash subpoena. On September 27, 2016, the probate court granted the motion for protective order and the motion to quash subpoena.

{¶15} Saghafi timely appealed the September 27, 2016, order raising two assignments of error for our review. This Court sua sponte combined Saghafi's appeals. For the ease of analysis we elect to consider the assignments of error out of order. Additionally, as Saghafi's

second and third assignments of error relating to the September 23, 2016 order raise similar issues, we elect to consider them together.

II.

**Assignment of Error II**

**The honorable trial court committed reversible error when it ruled that Dariush Saghafi's conduct was frivolous under [R.C.] 2323.51.**

**Assignment of Error III**

**The trial court committed reversible error when it ruled that Dariush Saghafi was subject to sanctions under [Civ.R.] 11.**

{¶16} In his second assignment of error, Saghafi contends that the trial court erred when it determined his conduct in this case was frivolous. In his third assignment of error, Saghafi contends that the trial court erred when it determined that he was subject to Civ.R. 11 sanctions. We disagree on both points

{¶17} R.C. 2323.51 and Civ.R. 11 both address the filing of frivolous claims. In this case, the probate court found that the same conduct that constituted a violation of R.C. 2323.51 also violated Civ.R. 11. Pursuant to Civ.R. 11, the signature of a pro se party on a pleading, motion, or other document certifies that to the best of the party's knowledge, information, and belief, there is good ground to support it and that it is not interposed for the purpose of delay. A court may strike a pleading and award attorney fees to an opposing party where a pro se party signs a pleading or motion in willful violation of the rule or when scandalous or indecent matters are inserted. Civ.R. 11. "The trial court employs a subjective bad-faith approach in determining whether sanctions are warranted under Civ.R. 11." *P.N. Gilcrest Ltd. P'ship v. Doylestown Family Practice, Inc.*, 9th Dist. Wayne No. 10CA0035, 2011-Ohio-2990, ¶ 31, citing *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992). "The Supreme Court has

described the bad faith requirement of Civ.R. 11 as 'not simply bad judgment * * * [but a] conscious doing of wrong * * * "with actual intent to mislead."'" (Alterations sic.) *Id.* quoting *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, ¶ 8, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 151 (1962). "If the trial court finds that the violation was willful, it may impose an appropriate sanction." *Ponder v. Kamienski*, 9th Dist. Summit No. 23270, 2007-Ohio-5035, ¶ 36. We review the award of sanctions under Civ.R. 11 for an abuse of discretion.

{¶18} "R.C. 2323.51 is broader in scope than Civ.R. 11, and provides a court with the discretion to levy sanctions against 'a party, the party's counsel of record, or both.'" *State Farm Ins. Cos. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, ¶ 25, quoting R.C. 2323.51(B)(4). Pursuant to R.C. 2323.51(B), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party adversely affected by frivolous conduct incurred in connection with a civil action. "'Conduct' means * * * [t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]" R.C. 2323.51(A)(1). "Frivolous conduct" is defined as follows:

(a) Conduct of [a] * * * party to a civil action * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶19} The analysis of a claim pursuant to R.C. 2323.51(A)(2) "boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *P.N. Gilcrest Ltd. P'ship*, 2011-Ohio-2990 at ¶ 32. This Court's standard of review is subject to which part of the analysis is at issue on appeal. *Flint v. Flint*, 9th Dist. Lorain No. 15CA010895, 2016-Ohio-5279, ¶ 7. "A trial court's award of attorney fees under R.C. 2323.51 is generally reviewed under an abuse of discretion standard, but the trial court's factual finding that frivolous conduct occurred will be affirmed if supported by competent credible evidence in the record." *Eastwood v. Eastwood*, 9th Dist. Summit No. 25310, 2010-Ohio-6492, ¶ 12, citing *S & S Computer Systems, Inc. v. Peng*, 9th Dist. Summit No. 20889, 2002-Ohio-2905, ¶ 9. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶20} In this case, the probate court determined that "the conduct of Dariush Saghafi served merely to harass or maliciously injure another party; and is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." In making this determination, the probate court found Saghafi's contention that Simonoff was

unsuitable to be the guardian in this case was based on unspecified misconduct and facts he believed to exist, but for which he admitted he could provide no proof.

{¶21} Indeed, a review of the record shows that during his hearing testimony, Saghafi stated that in his opinion, Simonoff had made decisions with respect to Bakhtiar "that are against what would be considered best medical interest," such as preventing visitation by Bakhtiar's family and determining when visitation could occur. He further elaborated that he thought it was "inappropriate for [Simonoff] to be making those decisions" and that he thought Simonoff "is not the person in charge of those kinds of things." Although Saghafi stated his opinion with regard to family visitation, he did not point to any evidence that Simonoff's decisions were against Bakhtiar's best interest. When asked if that was "everything", in reference to any factual information or evidence he had that Simonoff had done anything inappropriate, Saghafi stated "no," but that he "would need the ability to produce more factual evidence by discovery, such as financial records," which he had been denied. However, when asked if he had any proof that such records exist, he stated "I do not have proof at this moment they exist, but if I were able to conduct discovery on it, I would certainly have the proof for you."

{¶22} Similarly, during his deposition testimony, Saghafi stated he did not have any facts that any of the parties involved in the guardianship had exploited Bakhtiar, but gave the following explanation for his filings:

> Because I have good reason to believe, and I believe after appropriate discovery, I can prove, that Mr. Simonoff, Mr. Spike, and Mr. Wolf are inappropriate to be handling any of my mother's business, and they are certainly inappropriate to be guiding the lives of the family with my mother in any way. As well as my father. And so that is the thrust of this third guardianship application. There are inequities that have gone on. There are problems. There are, quite frankly, transgressions potentially of legal matters even that we seek to – that I seek to resolve.

Saghafi also stated that Wolf "was doing harm to [Bakhtiar], in my mind, by not representing [Bakhtiar's] best interest." Saghafi stated the basis for this belief was because he had not seen Wolf represent Bakhtiar's interests at proceedings where both were present. Saghafi also made allegations during the hearing that Simonoff, Spike, and Wolf knew that Bakhtiar was being abused in the Presutto home but did nothing about it. Saghafi stated this allegation was based on hearsay statements allegedly made by Bakhtiar, the incompetent ward. However, a review of the record shows that Saghafi offered no proof of the alleged statements, the alleged abuse, or of Simonoff, Spike, or Wolf's alleged knowledge of the alleged abuse.

{¶23} In making its findings, the probate court noted that Saghafi had filed three applications for guardianship of Bakhtiar, had previously filed a motion to remove Simonoff as guardian, and filed numerous other motions and filings. The probate court also found that most of the allegations asserted by Saghafi were "merely a rehash of previously unproven allegations." Indeed, a thorough review of the record supports the probate court's factual findings in this case. Saghafi admitted during his deposition and during his hearing testimony that he did not have proof that the guardian or the attorneys in this matter had acted inappropriately and that his filings were based on his "belief" rather than on any evidence. Additionally, a review of Saghafi's previous filings shows that Saghafi has made and failed to prove in his prior motions many, if not all of the allegations contained in the pleadings at issue.

{¶24} Accordingly, we conclude that the probate court's findings are based on competent credible evidence. Finally, as a review of the record shows that Saghafi has continued to file pleadings in this matter with no evidentiary basis, we cannot say that the probate court abused its discretion when it determined that Saghafi's actions were frivolous and that "[t]his litigation has only served to inflate costs and drain assets of the ward and others." Simonoff

testified that Saghafi's repetitive motions have interfered with his duties to the ward and caused him to make repeated responses to motions and appeals, thus, requiring him to hire an attorney to represent him. He further stated that that amount of money spent defending the motions and appeals "is bleeding the guardianship dry."

{¶25} Therefore, Saghafi's second and third assignments of error are overruled.

**Assignment of Error IV**

**The total awarded against Dariush Saghafi was clearly unreasonable.**

{¶26} In his fourth assignment of error, Saghafi contends that the total awarded as sanctions for violating Civ.R. 11 and R.C. 2323.51 was unreasonable because: (1) the deposition of Saghafi was unnecessary, covered more motions and filings than the three at issue, and took less than a day; and (2) the trial covered more motions and filing than the three at issue and took less than a day.

{¶27} If a violation of Civ.R. 11 is "willful," the violator "may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under [Civ.R. 11]." Civ. R. 11. Similarly, pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party adversely affected by frivolous conduct incurred in connection with a civil action. R.C. 2323.51(B)(3)(b) states that any award made pursuant to R.C. 2323.51(B)(1) shall not exceed those fees that were reasonably incurred by a party. "Where a court is empowered to award attorney fees by statute, the amount of these fees is within the sound discretion of the trial court." *Kinder v. Smith*, 12th Dist. Warren No. CA2012-05-046, 2013-Ohio-2157, ¶ 16, citing *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145-46 (1991). An abuse of discretion

implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, 51 Ohio St.3d at 219.

{¶28} "'[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Bittner*, 58 Ohio St.3d at 145, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, "we have stated that '[w]hat is reasonable, for purposes of calculating attorney fees, is a question of fact[, and ]the trial court must have evidence before it probative of that issue in order to make the finding.'" (Alterations sic.) *Wrinch v. Miller*, 138 Ohio App.3d 445, 2009-Ohio-3862, ¶ 38 (9th Dist.), quoting *Hall v. Nazario*, 9th Dist. Lorain No. 07CA009131, 2007-Ohio-6401, ¶ 17. "'The party seeking an award of attorney fees bears the burden of proving their reasonableness.'" *Baaron, Inc. v. Davidson*, 9th Dist. Wayne No. 16AP0052, 2017-Ohio-7783, ¶ 5, quoting *Zimmerman v. U.S. Diamond & Gold Jewelers, Inc.*, 2d Dist. Montgomery No. 14680, 1995 App. LEXIS 901, *24 (Mar. 8, 1995).

{¶29} When awarding attorney fees to the affected parties, the probate court stated:

[T]he Court hereby awards reasonable fees, attorney fees, and other expenses against Dariush Saghafi as follows:

To Bakhtiar, for attorney fees of Attorney Stephen Wolf, the sum of $3,940.00 for 19.7 hours worked at $200.00 per hour.

To Presutto, for attorney fees and costs of Attorney Neil Spike, in the sum of $13,906.00 for 69.5 hours worked at $200.00 per hour, plus $6.00 in costs.

To the Guardianship of Fourough Bakhtiar, in the sum of $17,420.00 for attorney and guardian fees of Zachary Simonoff, for 85.1 hours worked at $200.00 per hour, plus $990.50 in costs for the deposition, for a total award of $18,410.50.

A review of the record shows that the probate court reduced Presutto's request for 14.1 hours to be billed at the rate of $250.00 per hour to a rate of $200.00 per hour. Likewise, the probate

court reduced the number of hours requested by Simonoff on behalf of the guardianship from 111.4 hours to 85.1 hours. The probate court did not specifically state why it reduced the attorney fees awarded to Presutto and the guardianship.

{¶30} Although the probate court noted that it "undertook an independent review of the billing statements submitted in this case * * * and awards reasonable fees, attorney fees, and other expenses * * *," the probate court did not state its basis for determining that the fees were reasonable. Moreover, a thorough review of the record shows the evidence presented was insufficient to allow the probate court to determine the reasonableness of the fees. During the hearing, Simonoff testified as to the impact Saghafi's repetitive filings had on his ability to serve as guardian of the estate, the cost charged to the estate to defend against those filings, and his knowledge of Saghafi's repetitive "personal attacks" against the Presuttos, Attorney Spike, and Attorney Wolf. Although Simonoff testified that $200.00 "is the reasonable amount" the probate court allowed to be charged, he did not testify as an expert nor did he testify as to the reasonableness of the time spent by any of the parties adversely affected by Saghafi's actions. Following the hearing in this matter, the probate court allowed the parties to submit attorney fee statements for the fees incurred as a result of Saghafi's conduct. Although Simonoff, on behalf of the guardianship, Presutto, and Wolf, representing Bakhtiar, all filed statements requesting attorney fees with an attached invoice summarizing the work performed and associated hours, none of the statements addressed the reasonableness of the fee or the reasonableness of the time spent.

{¶31} Therefore, as the probate court's determination that the reasonableness of the attorney fees was based on insufficient evidence, Saghafi's fourth assignment of error is sustained.

**Assignment of Error I**

**The honorable trial court committed reversible error when it ruled that Dariush Saghafi's Actions Constitute the Unauthorized Practice of Law[.]**

{¶32} Although we have previously concluded that the trial court did not err when it determined that Saghafi's actions constituted frivolous conduct, we must now determine whether the trial court erred, as argued in Saghafi's first assignment of error, in determining that his actions also constituted the unauthorized practice of law.

{¶33} Civ.R. 12(F) permits a trial court to strike "from any pleading any insufficient claim or defense[.]" "Such a decision will not be reversed on appeal absent an abuse of discretion." *Kasapis v. High Point Furniture Co., Inc.*, 9th Dist. Summit Nos. 22758, 22762, 2006-Ohio-255, ¶ 25, quoting *Akron v. Thrower*, 9th Dist. Summit No. 20270, 2001 Ohio App. Lexis 1577, *8 (Apr. 4, 2001). An abuse of discretion implies that the probate court acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.2d at 219.

{¶34} In this case, Simonoff filed a motion to strike Saghafi's motion to remove guardian and motion for temporary restraining order, alleging, in part, that Saghafi had filed motions on behalf of another seeking relief for another despite not being a licensed attorney in the State of Ohio. Similarly, Presutto filed a motion to strike Saghafi's brief in opposition to her amended motion to complete renovations or, in the alternative, restore the home to its prior condition, alleging, that Saghafi's brief in opposition constituted the unauthorized practice of law. Following a hearing, the probate court determined that Saghafi's actions in this case constituted the unauthorized practice of law. Consequently, the probate court granted Simonoff's motion to strike Saghafi's motion to remove guardian and motion for temporary restraining order and Presutto's motion to strike Saghafi's brief in opposition to her amended motion to complete renovations or, in the alternative, to return the home to its prior condition.

**{¶35}** In making the determination that Saghafi's actions constituted the unauthorized practice of law, the probate court found as follows: (1) Saghafi's motion to remove Simonoff as guardian of the estate, motion for temporary restraining order, and brief in opposition to Presutto's amended motion to complete renovations or, in the alternative, to restore the home to its prior condition all sought relief on behalf of Bakhtiar; (2) Bakhtiar was at all times therein represented by Attorney Wolf; (3) Bakhtiar was represented by Attorneys Barrett and Reddy in her divorce case; and (4) Saghafi is not a licensed attorney in the State of Ohio. On appeal, Saghafi does not take exception to the probate court's later three findings and we will confine our analysis accordingly.

**{¶36}** R.C. 4705.01 provides, in relevant part, that "[n]o person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding *in which the person is not a party concerned*, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." (Emphasis added.)

> The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and * * * in general all advice to clients and all action taken for them in matters connected with the law.

(Internal quotations and citations omitted.) *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, ¶ 7. "Thus, only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf." *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, ¶ 7. "A court has the authority to strike filings from the record when they are filed in contravention of R.C 4705.01."

*Maxim Enters. v. Haley*, 9th Dist. Summit No. 24666, 2009-Ohio-5541, ¶ 8, citing *Talarek v. M.E.Z.*, 9th Dist. Lorain No. 98CA007088, 1998 Ohio App. Lexis 4494, *1 (Sept. 10, 1998).

## A. Motion to Remove Guardian

**{¶37}** "Guardianship proceedings, including the removal of a guardian, are not adversarial but rather are in rem proceedings involving only the probate court and the ward." *In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, ¶ 53, citing *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, ¶ 5. "Pursuant to R.C. 2109.24, the probate court may take action to remove a fiduciary on its own motion. Although the statute fails to specify a procedure for doing so, Ohio courts have recognized that an interested person may move for the removal of a guardian under this section." (Citations omitted.) *In re Constable*, 12th Dist. Clermont Nos. CA2006-08-058, CA2006-09-067, 2007-Ohio-3346, ¶ 8. *See In re Guardianship of Clark*, 10th Dist. Franklin No. 09AP-96, 2009-Ohio-3486, ¶ 29. Although "R.C. 2109.24 provides no definition of an interested person[, a] review of the sparse case law considering this issue indicates that it is given a broad definition." *In re Constable* at ¶ 9 (noting cases wherein courts have found a step-brother, niece, nephew, "longtime friend", sister, an attorney who did not personally know his prospective ward, and a stranger when the ward had no close relatives, to have a sufficient interest to participate in a guardianship proceeding). As Saghafi is Bakhtiar's son, we conclude that he has sufficient interest in the proceedings to have standing to petition the court for removal of his mother's guardian. Therefore, the probate court abused its discretion when it struck Saghafi's motion to remove guardian on the basis that the motion constituted the unauthorized practice of law.

**{¶38}** Therefore, Saghafi's first assignment of error is sustained as it relates to the motion to remove guardian.

**B. Motion for Temporary Restraining Order**

{¶39}  Civ.R. 65 is applicable in guardianship proceedings.  *See* Civ.R. 73(A).  Pursuant to Civ.R. 65, a temporary restraining order may be granted if

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage *will result to the applicant* before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.

(Emphasis added.)

{¶40}  Saghafi filed his motion for temporary restraining order pursuant to Civ.R. 65(A), stating that he had "a pending guardianship application for the ward" and would "suffer the aforementioned damage because continued abuse and exploitation of the Ward by the Respondents will prejudice him in his attempts to obtain Guardianship, and have the current guardian removed."  The "aforementioned damage" included, among other things, allegations of coercion of the ward.  Saghafi's motion then "requests, on his own behalf" that "[r]espondents be restrained from contacting the Ward, Fourough Bakhtiar, in any way" and that "[r]espondents be restrained from returning within five hundred feet (500.00') from Fourough Bakhtiar."  During the hearing, Saghafi again stated that he filed his motion in order to protect his own interest in his guardianship application pending with the court.

{¶41}  A review of the record shows that Saghafi did have a pending application before the probate court in addition to the pending petition for removal of the guardian.  Both motions made allegations of coercion by the current and former guardians as well as the guardian's attorney and the attorney representing Bakhtiar in the guardianship proceedings.  Accordingly, we determine that based on the specific facts in this case, Saghafi's motion for a temporary restraining order seeking to avoid further alleged coercion of the Ward, was filed to protect his

own interests. Therefore, we conclude that the probate court abused its discretion when it struck Saghafi's motion for temporary restraining order based on the finding that the motion constituted the unauthorized practice of law.

{¶42} Therefore, Saghafi's first assignment of error is sustained as it relates to the motion for temporary restraining order.

## C. Brief in Opposition to Amended Motion to Complete Renovations

{¶43} In his brief in opposition to Presutto's amended motion to complete renovations or, in the alternative to restore the home to its prior condition, Saghafi states that the "request is obscene" because the sum of money requested is higher than the original budget, only one bid was solicited, the bid was prepared by a self-interested party, the bid contained no meaningful explanation of costs, and finally that "none of this money would benefit the Ward in any way." Saghafi's brief in opposition requests the probate court to consider whether the motion is fraudulent and to audit the expenditures already allocated to the renovation. Finally, Saghafi requests the probate court to deny the motion and "respectfully suggests" to the probate court the following:

> 1. The welfare of the Ward would be served if the Court were to audit the prior expenditures ostensibly for renovations of Jaleh Presutto's house for the Ward's benefit.
>
> 2. This request appears to be Jaleh Presutto's and Phil Presutto's newest attempt in a long history of obtaining money for services they do not provide, or services for money they do not pay.
>
> 3. This request is so outrageous, abusive, and seemingly fraudulent, it further reinforces the Court's standing order that the ward remain in assisted living, and it corroborates the myriad requests from Saghafi family members since 2013 that the Ward should never reside with Jaleh Presutto.

{¶44} As outlined above, none of the relief requested in the brief in opposition would serve to protect Saghafi's own interest in his application for appointment of guardian or his

motion to remove guardian. Rather, the relief requested would only benefit Bakhtiar and/or the guardianship of Bakhtiar. Accordingly, we cannot say that the trial court abused its discretion when it struck his brief in opposition to Presutto's motion to complete renovations or, in the alternative, to restore home to its prior condition based on the finding that it constitutes the unauthorized practice of law.

{¶45} Therefore, Saghafi's first assignment of error is overruled as it relates to the brief in opposition to Presutto's motion to complete renovations or, in the alternative, to restore home to its prior condition.

### Assignment of Error [V]

**The honorable trial court erred in finding on September 27, 2016[,] that because [Dariush Saghafi]'s motion to remove guardian was stricken on September 23, there is no pending motion that discovery for which [sic] may be conducted and all pending discovery is moot, because [Dariush Saghafi]'s May 16, 2016 application for appointment of guardian of alleged incompetent person and estate remained pending for adjudication.**

### Assignment of Error [VI]

**The honorable trial court erred in refusing to serve [Dariush Saghafi]'s subpoena duce[s] tecum on September 20, 2016.**

{¶46} In his fifth assignment of error, Saghafi contends that the trial court erred when it determined in its September 23, 2016 order that all pending discovery motions were moot. In his sixth assignment of error, Saghafi contends that the trial court erred by refusing to serve Saghafi's subpoena duces tecum.

{¶47} On May 16, 2016, Saghafi filed an application for appointment of guardian of alleged incompetent person and estate. However, a review of the transcript from the August 5, 2016 hearing shows that the parties understood that the application for appointment of guardian was stayed because the probate court was divested of jurisdiction to hear a successive

guardianship since "the February order denying the last guardianship [application] is under appeal."

**{¶48}** In filing his motion for protective order and to quash subpoena, Simonoff stated the reason for the motion was that Saghafi had served upon him various discovery requests that were attached in support of the motion to strike and that Saghafi was seeking to enforce those requests. The motion also noted the subpoena duces tecum requested all of the guardian's telephone records since 2014 and listed the guardian's personal information. In granting the motion, the probate court found as follows:

> 1. The Motion to Remove the Guardian was Stricken on September 23, 2016 and there is no pending motion that discovery for which may be conducted. As a result, all pending discovery is moot.

> 2. The subpoena served upon Verizon Wireless is not a valid Subpoena pursuant to Civ.R. 45.

**{¶49}** As a threshold matter, we must determine if the trial court's order is properly before this Court as we only have jurisdiction to hear an appeal from a final judgment. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 4. R.C. 2505.02(B). Generally, discovery orders are not immediately appealable because they are interlocutory. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). However, certain discovery orders may be final if they meet the requirements of R.C. 2505.02(B), which provides, in pertinent part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

> * * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶50}  In this case, Saghafi's entire argument on appeal is that the probate court erred because his May 16, 2016 guardianship application "had not been ruled on, and remained open and pending for adjudication as of September 27, 2016."  As a review of the record shows that the probate court did not rule on the May 16, 2016 guardianship application and that the parties and court understood the application to be stayed pending a prior appeal, we conclude that the probate court's order is not a final order because Saghafi would be afforded a meaningful and effective remedy on appeal following a final judgment on his May 16, 2016 guardianship application.

{¶51}  Therefore, Saghafi's fifth and sixth assignments of error are dismissed.

III.

{¶52}  Saghafi's first assignment of error is sustained in part and overruled in part. Saghafi's second, third, and fourth assignments of error are overruled.  Saghafi's fifth and sixth assignments of error are dismissed.  Therefore, Saghafi's appeal as it relates to the September 23, 2016 order is dismissed and the probate court's order is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Appeal dismissed in part,<br>
judgment affirmed in part,<br>
and reversed in part,<br>
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRADLEY HULL, IV, Attorney at Law, for Appellant.

ERIC ZAGRANS, Attorney at Law, for Appellee.